UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS HALL,<br><br>                     Plaintiff,<br><br>          v.<br><br>HOFSTRA UNIVERSITY,<br><br>                     Defendant. | **ANSWER**<br><br>Civil Action No. 2:20-cv-2638 (JS-ST) |

Defendant Hofstra University ("Defendant or "the University"), through its undersigned attorneys, answers Plaintiff Thomas Hall's Complaint (ECF Doc. No. 1) as follows:

## **GENERAL OBJECTION**

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim." The 154 paragraph Complaint is needlessly detailed, plainly argumentative, and the allegations are often phrased on a way to intentionally frustrate Defendant from fairly answering. Defendant notes the challenges of responding to such allegations that do not comply with Rule 8, and, therefore, states that any allegation or partial allegation not expressly admitted is **DENIED**. Defendant **DENIES** the truth of all allegations based on inadmissible sources and/or Plaintiff's or others' speculation or non-expert, non-admissible opinion.

## **RESPONSES TO ALLEGATIONS**

1. **ADMITS** the allegations in paragraph 1 based on the University's investigation and adjudication of a complaint filed against Plaintiff under the Student

Policy Prohibiting Discriminatory Harassment, Relationship Violence and Sexual Misconduct (the "Policy") by another University student.

2. With respect to paragraph 2, **DENIES** all the allegations, except **ADMITS** that a University student filed a complaint against Plaintiff under the Policy, and states that no further answer is necessary, as the complaint filed against Plaintiff speaks for itself.

3. With respect to paragraph 3, **DENIES** all the allegations, except **ADMITS** that Plaintiff was issued a no-contact order and that the Administrative Conduct Board issued a decision, and states that no further answer is necessary, as the no-contact order and decision speak for themselves.

4. With respect to paragraph 4, **DENIES** all the allegations, except **ADMITS** that a University student filed a complaint against Plaintiff under the Policy, and states that no further answer is necessary, as the complaint filed against Plaintiff speaks for itself.

5. With respect to paragraph 5, **DENIES** all the allegations, except **ADMITS** that the University issued a no-contact order to the University student who had brought the complaint against Plaintiff, and that the Administrative Conduct Board issued a decision in which it found Plaintiff responsible for Dating Violence, and that Plaintiff was issued a Notice of Sanctions, and states that no further answer is necessary, as the no-contact order, decision and Notice of Sanctions speak for themselves.

6. With respect to paragraph 6, **ADMITS** that Plaintiff appealed pursuant to the Policy and that decisions on Plaintiff's appeals were issued by the Appellate Panel

and the Vice President of Student Affairs, and states that no further answer is necessary, as the decisions speak for themselves.

7. With respect to paragraph 7, **ADMITS** that Plaintiff filed a petition pursuant to Article 78 of the New York State Civil Practice Laws and Rules, and states that no further answer is necessary, as Plaintiff's petition and the decision resolving Plaintiff's petition speak for themselves.

8. **DENIES** the allegations in paragraph 8.

9. With respect to paragraph 9, **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations, except **ADMITS** that Plaintiff was a student at the University and that the University has a campus in Hempstead, New York.

10. **ADMITS** the allegations in paragraph 10.

11. Paragraph 11 contains conclusions of law, which are neither admitted nor denied, but are submitted to the Court.

12. Paragraph 12 contains a conclusion of law, which is neither admitted nor denied, but is submitted to the Court; but to the extent a response is required, **ADMITS** that the Court has personal jurisdiction over the University.

13. Paragraph 13 contains a conclusion of law, which is neither admitted nor denied, but is submitted to the Court; but to the extent a response is required, **ADMITS** that venue is proper in this District.

14. With respect to paragraph 14, **ADMITS** that Plaintiff was enrolled as a student at the University in January of 2014.

15. With respect to paragraph 15, **ADMITS** that Plaintiff was provided with the Policy and the University's Guide to Pride, as well as other related policies, and **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations concerning Plaintiff's reliance on said policies.

16. With respect to paragraph 15, **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations, except **ADMITS** based on the University's investigation and adjudication of a complaint filed against Plaintiff under the Policy by another University student that Plaintiff and the complainant had dated for a period of time prior to the incident that was the subject of the complaint.

17. **ADMITS** the allegations in paragraph 17 based on the University's investigation and adjudication of a complaint filed against Plaintiff under the Policy by another University student.

18. With respect to paragraph 18, **DENIES KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations, except **ADMIT** that, based on the University's investigation and adjudication of a complaint filed against Plaintiff under the Policy by another University student, Plaintiff and the other student verbally argued on the night of the incident.

19. With respect to paragraph 19, **ADMITS** that a University student filed a complaint against Plaintiff under the Policy, and states that no further answer is necessary, as the complaint filed against Plaintiff speaks for itself.

20. With respect to paragraph 20, states that the complaint filed against Plaintiff speaks for itself.

21. With respect to paragraph 21, states that the complaint filed against Plaintiff speaks for itself.

22. **ADMITS** the allegations in paragraph 22.

23. With respect to paragraph 23, **DENIES** all the allegations, except **ADMITS** that Plaintiff was issued a no-contact order, and states that no further answer is necessary, as the no-contact order speak for itself.

24. With respect to paragraph 24, states that the Policy speaks for itself.

25. With respect to paragraph 25, states that the no-contact order speaks for itself.

26. With respect to paragraph 26, **DENIES** the allegations, except **ADMITS** that a ban flyer was issued, and states that no further answer is necessary as the flyer speaks for itself.

27. With respect to paragraph 27, **DENIES** the allegations, except **ADMITS** that both students were issued no-contact orders, and states that no further answer is necessary as the no-contact orders speak for themselves.

28. **ADMITS** the allegations in paragraph 28.

29. With respect to paragraph 29, **DENIES** the allegations, and states that the case file speaks for itself.

30. With respect to paragraph 30, states that the case file speaks for itself.

31. With respect to paragraph 31, states that the case file speaks for itself.

32. With respect to paragraph 32, states that the case file speaks for itself.

33. With respect to paragraph 33, states that the case file speaks for itself.

34. With respect to paragraph 34, states that the case file speaks for itself.

35. With respect to paragraph 35, **DENIES** the allegations, except **ADMITS** that the parties did not reach an informal resolution.

36. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations in paragraph 36.

37. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations in paragraph 37.

38. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations in paragraph 38.

39. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations in paragraph 40.

41. With respect to paragraph 41, **DENIES** all allegations, except **ADMITS** that the other student submitted a statement to the University on or about February 2, 2017, and states that no further answer is necessary as the statement speaks for itself.

42. With respect to paragraph 42, **ADMITS** that a Charge Form was sent to Plaintiff in which the University charged Plaintiff with Dating Violence, and that a hearing was scheduled on April 12, 2017, and states that no further answer is necessary as the Charge Form speaks for itself.

43. With respect to paragraph 43, states that the Student Bill of Rights speaks for itself.

44. **DENIES** the allegations in paragraph 44.

3597118.3

45.     **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations in paragraph 45.

46.     With respect to paragraph 46, **DENIES** the allegations, except **ADMITS** that Plaintiff and his advisor were permitted to review the Case File prior to the hearing.

47.     With respect to paragraph 47, **DENIES** the allegations, except **ADMITS** that Plaintiff and his advisor were permitted to review the Case File prior to the hearing pursuant to the Policy and ADMITS that Plaintiff was permitted to take notes regarding the Case File.

48.     With respect to paragraph 48, **DENIES** the allegations, except **ADMITS** that Plaintiff and his advisor were permitted to review the Case File prior to the hearing pursuant to the Policy, and states that no further answer is necessary as the Policy speaks for itself.

49.     **DENIES** the allegations in paragraph 49.

50.     With respect to paragraph 50, **DENIES** that Merry McVey-Noble was an advocate, but **ADMITS** the remaining allegations in said paragraph.

51.     **ADMITS** the allegations in paragraph 51.

52.     With respect to paragraph 52, **ADMITS** that Plaintiff's attorney served as Plaintiff's advisor during the hearing, states that the role of an advisor is set forth in the Policy, and states that no further answer is necessary as the Policy speaks for itself.

53.     With respect to paragraph 53, **DENIES** the allegations, except **ADMITS** that Plaintiff identified Peter "June" Thompson, as a witness, and that Associate Director McDonald interviewed Mr. Thompson by phone on May 5, 2015, and that a written

summary of the interview is in the Case File, and states that no further answer is necessary as the Case File speaks for itself.

54. With respect to paragraph 54, **DENIES** the allegations, and states that the transcript of the hearing speaks for itself.

55. **DENIES** the allegations in paragraph 55.

56. With respect to paragraph 56, **ADMITS** that Plaintiff requested to have his mother appear as a witness at the hearing, and **DENIES KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of any other allegations in said paragraph.

57. **DENIES** the allegations in paragraph 57.

58. With respect to paragraph 58, states that the witness lists and hearing transcript speak for themselves.

59. With respect to paragraph 59, states that the Case File and hearing transcript speak for themselves.

60. **DENIES** the allegations in paragraph 60.

61. With respect to paragraph 61, states that the hearing transcript speaks for itself.

62. With respect to paragraph 62, states that the Case File and hearing transcript speak for themselves.

63. With respect to paragraph 63, states that the hearing transcript speaks for itself.

64. With respect to paragraph 64, **ADMITS** that the Administrative Conduct Board issued a decision finding Plaintiff responsible for committing Dating Violence, and states that no further answer is necessary, as the decision speaks for itself.

65. With respect to paragraph 65, **DENIES** the allegations, except **ADMITS** that the Administrative Conduct Board issued a decision finding Plaintiff responsible for committing Dating Violence, and states that no further answer is necessary, as the decision speaks for itself.

66. With respect to paragraph 66, **ADMITS** that the other student was a Resident Assistant, and states that no further answer is necessary as the hearing transcript speaks for itself.

67. With respect to paragraph 67, states that the hearing transcript speaks for itself.

68. With respect to paragraph 68, **ADMITS** that Plaintiff was issued a Notice of Sanctions, and states that no further answer is necessary, as the Notice of Sanctions speaks for itself.

69. With respect to paragraph 69, states that the Notice of Sanctions speaks for itself.

70. With respect to paragraph 70, states that the Notice of Sanctions speaks for itself.

71. **ADMITS** the allegations in paragraph 71.

72. **ADMITS** the allegations in paragraph 72.

73. **ADMITS** the allegations in paragraph 73.

74. **ADMITS** the allegations in paragraph 74 and states that the decision speaks for itself.

75. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations in paragraph 75.

76. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations in paragraph 76.

77. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations in paragraph 77.

78. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations in paragraph 78.

79. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations in paragraph 79.

80. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations in paragraph 80.

81. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations in paragraph 81.

82. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations in paragraph 82.

83. **ADMITS** the allegations in paragraph 83.

84. **ADMITS** the allegations in paragraph 84.

85. With respect to paragraph 85, states that the decision speaks for itself, and further states that the decision is on appeal to the Appellate Division, Second Department.

86. With respect to paragraph 86, states that the decision speaks for itself, and further states that the decision is on appeal to the Appellate Division, Second Department.

87. With respect to paragraph 87, states that the decision speaks for itself, and further states that the decision is on appeal to the Appellate Division, Second Department.

88. With respect to paragraph 88, **DENIES** all allegations, states that the decision speaks for itself, and further states that the decision is on appeal to the Appellate Division, Second Department.

89. With respect to paragraph 89, **DENIES** all allegations, states that the decision speaks for itself, and further states that the decision is on appeal to the Appellate Division, Second Department.

90. With respect to paragraph 90, **DENIES** all allegations, states that the decision speaks for itself, and further states that the decision is on appeal to the Appellate Division, Second Department.

91. With respect to paragraph 91, **DENIES** all allegations, states that the decision speaks for itself, and further states that the decision is on appeal to the Appellate Division, Second Department.

92. With respect to paragraph 92, states that the decision speaks for itself, and further states that the decision is on appeal to the Appellate Division, Second Department.

93. With respect to paragraph 93, states that the Policy speaks for itself.

3597118.3

94. With respect to paragraph 94, states that the decision speaks for itself, and further states that the decision is on appeal to the Appellate Division, Second Department.

95. With respect to paragraph 95, states that the decision speaks for itself, and further states that the decision is on appeal to the Appellate Division, Second Department.

96. **ADMITS** the allegations in paragraph 96.

97. Defendant responds to the inclusive allegations of paragraph 97 as set forth above.

98. With respect to paragraph 98, states that the statute speaks for itself.

99. **ADMITS** the allegations in paragraph 99.

100. Paragraph 100 states a conclusion of law, which is neither admitted nor denied, but is submitted to the Court.

101. **DENIES** the allegations in paragraph 101.

102. **DENIES** the allegations in paragraph 102.

103. **DENIES** the allegations in paragraph 103.

104. **DENIES** the allegations in paragraph 104.

105. **DENIES** the allegations in paragraph 105.

106. **DENIES** the allegations in paragraph 106.

107. **DENIES** the allegations in paragraph 107.

108. **DENIES** the allegations in paragraph 108.

109. **DENIES** the allegations in paragraph 109.

110. **DENIES** the allegations in paragraph 110.

3597118.3

111. **DENIES** the allegations in paragraph 111.

112. **DENIES** the allegations in paragraph 112.

113. Defendant responds to the inclusive allegations of paragraph 113 as set forth above.

114. With respect to paragraph 114, states that the regulations speak for themselves.

115. With respect to paragraph 115, **DENIES** all allegations, and states that the decision speaks for itself, and further states that the decision is on appeal to the Appellate Division, Second Department.

116. **DENIES** the allegations in paragraph 116.

117. **DENIES** the allegations in paragraph 117.

118. **DENIES** the allegations in paragraph 118.

119. **DENIES** the allegations in paragraph 119.

120. **DENIES** the allegations in paragraph 120.

121. **DENIES** the allegations in paragraph 121.

122. **DENIES** the allegations in paragraph 122.

123. **DENIES** the allegations in paragraph 123.

124. **DENIES** the allegations in paragraph 124.

125. **DENIES** the allegations in paragraph 125.

126. **DENIES** the allegations in paragraph 126.

127. **DENIES** the allegations in paragraph 127.

128. **DENIES** the allegations in paragraph 128.

129. **DENIES** the allegations in paragraph 129.

3597118.3

130. Defendant responds to the inclusive allegations of paragraph 130 as set forth above.

131. **DENIES** the allegations in paragraph 131.

132. **DENIES** the allegations in paragraph 132.

133. **DENIES** the allegations in paragraph 133.

134. **DENIES** the allegations in paragraph 134.

135. **DENIES** the allegations in paragraph 135.

136. **DENIES** the allegations in paragraph 136.

137. **DENIES** the allegations in paragraph 137.

138. **DENIES** the allegations in paragraph 138.

139. **DENIES** the allegations in paragraph 139.

140. Defendant responds to the inclusive allegations of paragraph 140 as set forth above.

141. **DENIES** the allegations in paragraph 141.

142. **DENIES** the allegations in paragraph 142.

143. **DENIES** the allegations in paragraph 143.

144. **DENIES** the allegations in paragraph 144.

145. Defendant responds to the inclusive allegations of paragraph 145 as set forth above.

146. Paragraph 146 states a conclusion of law, which is neither admitted nor denied, but is submitted to the Court.

147. **DENIES** the allegations in paragraph 147.

148. **DENIES** the allegations in paragraph 148.

149.  **DENIES** the allegations in paragraph 149.

150.  **DENIES** the allegations in paragraph 150.

151.  With respect to paragraph 151, states that the decision speaks for itself, and further states that the decision is on appeal to the Appellate Division, Second Department.

152.  With respect paragraph 152, states that the Policy speaks for itself.

153.  With respect to paragraph 153, states that the decision speaks for itself, and further states that the decision is on appeal to the Appellate Division, Second Department.

154.  With respect to paragraph 154, states that the decision speaks for itself, and further states that the decision is on appeal to the Appellate Division, Second Department.

155.  **DENIES** any and all other allegations not specifically admitted or otherwise responded to above.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

156.  The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

157.  Plaintiff's gender discrimination claims fail, as no action was taken against Plaintiff because of his gender, he was not treated disparately on the basis of gender, and the outcome of his disciplinary proceeding was neither erroneous nor gender-biased.  Rather, all actions were taken for legitimate, non-discriminatory reasons.

### THIRD DEFENSE

158.   There can be no liability pursuant to Title IX because the Answering Defendant was not deliberately indifferent.

### FOURTH DEFENSE

159.   Plaintiff's gender discrimination claim(s) fail because Defendant acted reasonably in responding to any concerns that Plaintiff raised to the Defendant and did not permit harassment.

### FIFTH DEFENSE

160.   Plaintiff's Title IX cause of action fails because he was not deprived of access to educational opportunities.

### SIXTH DEFENSE

161.   Plaintiff's breach of contract cause of action is barred because the action taken was not arbitrary or capricious and the investigation and disciplinary action at issue were handled in substantial compliance with the University's policies and procedures.

### SEVENTH DEFENSE

162.   Plaintiff did not suffer damages as a result of any act or omission of Defendant.

### EIGHTH DEFENSE

163.   Some or all of Plaintiff's claimed damages are barred due to his failure to mitigate, if he did in fact incur damages.

### NINTH DEFENSE

164. Plaintiff's claimed damages are speculative and uncertain and therefore are barred.

### TENTH DEFENSE

165. Plaintiff's claimed damages are speculative and uncertain and therefore are barred.

### ELEVENTH DEFENSE

166. Plaintiff's claims for equitable relief are barred by the doctrine of unclean hands.

Defendant reserves the right to raise additional defenses as may be identified during the course of the litigation.

**WHEREFORE**, Defendant demands judgment dismissing the Complaint in its entirety, awarding them costs and disbursements, and granting such other and further relief as the Court may deem just and proper.

DATED:   September 29, 2020            BOND, SCHOENECK & KING, PLLC

By:  *Suzanne Messer*
         Laura H. Harshbarger, Esq.
         Suzanne M. Messer, Esq.

*Attorneys for Defendant Hofstra University*
One Lincoln Center
Syracuse, New York 13202-1355
Telephone:  (315) 218-8000
Facsimile: (315) 218-8100
Email: lharshbarger@bsk.com
Email: smesser@bsk.com

3597118.3